Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff Robert Goodrich

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Robert Goodrich**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Dulara Automotive Group, LLC d/b/a A to Z Auto Mall**, an Arizona company; **Areen Dulara,** an Arizona resident; and **Aslam Dulara,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br><br>**VERIFIED COMPLAINT**<br><br><br><br>**(Jury Trial Requested)** |

Plaintiff Robert Goodrich for his Verified Complaint against Defendants, hereby alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely and reasonable payment of wages under the Arizona Wage

Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is also brought to recover minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Plaintiff's state law claims are sufficiently related to his federal claim that they form the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Robert Goodrich resided in the District of Arizona.

8. Plaintiff was a full-time employee of Defendants from on or about May 4, 2018 until on or about May 12, 2018.

9. At all relevant times, Plaintiff was an employee of the Defendants as defined in 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350.

10. Defendant Dulara Automotive Group, LLC d/b/a A to Z Auto Mall is a company authorized to do business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350.

11. Defendant Areen Dulara is an Arizona resident. She has directly caused events to take place giving rise to this action. Areen Dulara was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350.

12. Defendant Aslam Dulara is an Arizona resident. He has directly caused events to take place giving rise to this action. Aslam Dulara was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350.

13. Under the FLSA, Defendant Areen Dulara is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Areen Dulara is the owner of A to Z Auto Mall and was Plaintiff's manager. Defendant Areen Dulara had the authority to hire and fire employees, supervised and controlled Plaintiff's work schedules or the conditions of his employment, determined the rate and method of Plaintiff's payment of wages, and maintained employment records in connection with Plaintiff's employment. As a person who acted in the interest of the previously identified corporate entities in relation to the company's employees, Areen Dulara is subject to individual and personal liability under the FLSA.

14. Under the FLSA, Defendant Aslam Dulara is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an

employer in relation to an employee. Defendant Aslam Dulara is the owner of A to Z Auto Mall and was Plaintiff's manager. Defendant Aslam Dulara had the authority to hire and fire employees, supervised and controlled Plaintiff's work schedules or the conditions of his employment, determined the rate and method of Plaintiff's payment of wages, and maintained employment records in connection with Plaintiff's employment. As a person who acted in the interest of the previously identified corporate entities in relation to the company's employees, Aslam Dulara is subject to individual and personal liability under the FLSA.

15. Plaintiff is further informed, believes, and thereon alleges that the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

16. Defendants are sued in both individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Defendants have been engaged in interstate commerce and / or have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## FACTUAL ALLEGATIONS

19. Defendants are a used vehicle dealership.

20. From on or about May 4, 2018 through May 12, 2018, Plaintiff was employed by Defendants as a garage worker.

21. As a garage worker, Plaintiff was responsible for coordinating and maintaining the operations of the dealership on a daily basis.

22. Plaintiff has not been paid any wages for the time he worked for Defendants.

23. Because Plaintiff received $0.00 between May 4, 2018 and May 12, 2018, Defendants failed to properly compensate Plaintiff minimum wage under both the FLSA and the Arizona Minimum Wage Statute.

24. Between May 4, 2018 and May 12, 2018, Plaintiff is considered to be a non-exempt employee because he fails the salary-basis test by receiving less than $455.00 per week.

25. Between May 4, 2018 and May 12, 2018, Defendants did not pay Plaintiff any compensation at all in exchange for the work he performed for the benefit of Defendants.

26. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA, Arizona Minimum Wage Statute, and Arizona Wage Statute.

27. Defendants willfully failed and/or refused to compensate Plaintiff at the rates and amounts required by the FLSA and the Arizona Minimum Wage Statute.

28. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA and Arizona Wage Statute were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

29. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

30. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

31. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

32. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

33. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving any compensation in accordance with 29 U.S.C.§ 206.

34. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

35. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.  Defendants knew Plaintiff was not being compensated anything for time worked and failed to pay proper minimum wages.  Defendants knew their failure to pay minimum wage was a violation of the FLSA.

36. Defendants have not made a good faith effort to comply with the FLSA.

37. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**(FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)**

38. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

39. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

40. Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

41. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is

entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

42. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

43. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

44. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Statute.

45. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

46. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

47. Defendants failed to timely pay Plaintiff wages due without a good faith basis for withholding the wages.

48. Defendants have willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

      i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

      ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

      iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

      iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

      v. willfully violated the Arizona Wage Statute by failing to pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to the Arizona Wage Statute, in an amount to be determined at trial;

C. For the Court to award an additional amount equal to twice the underpaid minimum wages and interest pursuant to A.R.S. § 23-364(g), in an amount to be determined at trial.

D. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

E. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

F. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and A.R.S. § 12-341.01 and all other causes of action set forth herein;

G. Any other remedies or judgments deemed just and equitable by this Court.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED October 12, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Robert Goodrich declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

*(signature)*

Robert Goodrich

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com